UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MILLER,<br><br>  Plaintiff,<br><br>  v.<br><br>B. CATES, FAYE MONTEGRANDE, OLUFEMI OWALBI, U. BANIGA,<br><br>  Defendants. | Case No.  1:20-cv-01243-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR PARTIAL DISMISSAL<br><br>(Doc. No.  23)<br><br>FOURTEEN DAY OBJECTION PERIOD |

Pending before the Court is Defendants' motion to dismiss filed on November 3, 2022. (Doc. No. 23, "Motion"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants seek partial dismissal of Plaintiff's Complaint. (*Id*.). Despite being afforded an opportunity to do so, Plaintiff elected not to file any opposition to the Motion. *See* Order dated July 31, 2023 (Doc. No. 27); *see also* L.R. 230(l). For the reasons set forth below, the undersigned recommends that the district court grant Defendants' Motion.

**BACKGROUND**

**A. Plaintiff's Complaint and Procedural History**

Plaintiff initiated this action while a prisoner and confined at California Correctional Institution ("CCI"). According to the Complaint, Plaintiff was diagnosed with Morton's Neuroma or ganglion cyst on his feet by his physician at California State Prison, Los Angeles County and prescribed orthotic boots and insoles with a permanent order for the boots and

insoles.  (Doc. No. 1 at 8).  Plaintiff was transferred to CCI on February 19, 2019.  (*Id.*).  After his transfer, Plaintiff twice met with Dr. Owolabi concerning the fact that his prescribed orthotic boots were over a year overdue, that he was in pain, and that his condition was worsening.  (*Id*. at 8-9).  Dr. Owolabi initially agreed to investigate the issue, but then declined to provide Plaintiff with the orthotic boots because CDCR was required to pay for the boots and insoles and were only providing them to prisoners who were diabetic or had missing toes.  (*Id.*).  After Dr. Montegrande personally considered Plaintiff's health care appeal, he examined Plaintiff's feet and told him that he did not qualify for orthotics because he was not diabetic and was not missing any toes.  (*Id*. at 8-9 ¶ 8).  Thereafter, Dr. Baniga denied Plaintiff's health care appeal.  (*Id*. at 9 ¶ 9).  Plaintiff sought injunctive relief and compensatory and punitive damages.  (*Id*. at 22, ¶¶ 2-4).

The undersigned screened the Complaint, and determined it alleged an Eighth Amendment medical deliberate indifference claim against Defendants Dr. Montegrande, Dr. Owolabi, and Dr. Baniga in their individual capacities and an official capacity claim against Defendant Warden Cates to the extent that Plaintiff sought injunctive relief concerning CDCR's orthotics policy but no other claims.  (Doc. No. 10).  Plaintiff agreed to proceed on his Complaint as screened.  (Doc. No. 11).  The Court directed service and Defendants agreed to waive personal service but sought extensions of time to respond to the Complaint, which the Court granted. (Doc. Nos. 13, 16, 17, 18, 21, 22).  On August 8, 2022, Plaintiff filed a notice of change of address indicating he was released from CDCR's custody.  (Doc. No. 19).  On November 3, 2022, Defendants filed the instant Motion in response to the Complaint.  (Doc. No. 23).

**B. Defendants' Motion to Dismiss**

The Motion seeks partial dismissal of Plaintiff's Complaint against Defendants Cates and Baniga.  (*See generally* Doc. No. 25).  Specifically, Defendant Cates seeks dismissal of the Complaint on the grounds that Plaintiff's official capacity claim against him seeking injunctive relief in connection with CDCR's orthotics' policy is moot due to Plaintiff's release from prison.  (*Id*. at 5).  Defendant Baniga argues the Complaint, as pled, does not state an Eighth Amendment claim against him in his individual capacity.  More particularly, the Complaint alleged only that Defendant Baniga denied Plaintiff's appeal of his health care grievance and the denial of

1  Plaintiff's health care grievance alone, is not sufficient to state a cognizable medical deliberate
2  indifference claim. (*Id*. at 9-10).

### C. Plaintiff's Opposition

On January 19, 2023, after Plaintiff failed to timely file any opposition to Defendant's Motion, the Court directed Plaintiff to file an opposition or to file a statement of no opposition. (Doc. No. 24). The Court warned Plaintiff that if he failed to file any opposition, "the Motion shall be deemed unopposed." (*Id*. at 2). Plaintiff filed no opposition or statement of no opposition. *See docket.*

## APPLICABLE LAW AND ANALYSIS

### A. Applicable Law

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.; see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the complaint must have sufficient facts to state a facially plausible claim to relief). In deciding a motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint and determines whether the factual allegations are sufficient to state a right to relief above the speculative level. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr. v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them). Though courts construe pro se filings liberally and afford the pro se litigant the benefit of any doubt, a pro se complaint still must satisfy these standards. *Hebbe v. Pliler*, 627 F.3d 338, 341-43 (9th Cir. 2010).

"Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted." *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted). However, where leave to amend would be futile, because "the allegation of other facts consistent with the

3

1  challenged pleading could not possibly cure the deficiency," leave to amend may be denied.
2  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

3      **B. Plaintiff's Failure to Oppose Defendant's Motion to Dismiss**

4      This Court's local rules provide that the "[f]ailure of the responding party to file an
5  opposition or to file a statement of no opposition may be deemed a waiver of any opposition to
6  the granting of the motion and may result in the imposition of sanctions." L.R. 230(l).  Under
7  Ninth Circuit precedent a "[f]ailure to follow a district court's local rules is proper grounds for
8  dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601
9  F.2d 471, 474 (9th Cir. 1995)).  Thus, a court may dismiss an action when the plaintiff fails to
10 oppose a defendant's motion to dismiss. *Id*. at 53-54 (affirming the district court's dismissal of a
11 pro se prisoner's case for a failure to follow the local rules when the prisoner failed to file an
12 opposition to the motion to dismiss).

13     After Plaintiff failed to timely file an opposition, the Court sua sponte afforded Plaintiff an
14 extension of time to file an opposition and warned Plaintiff that his failure to oppose Defendants'
15 motion "would be deemed a waiver of any opposition to the granting of the motion" consistent
16 with Local Rule 230(l).  (Doc. No. 24 at 2).  Thus, Plaintiff's failure to file any opposition to the
17 Motion, in violation of Local Rule 230(l), is sufficient reason for the district court to grant
18 Defendants' Motion.  *See id*.  Thus, the undersigned recommends that, consistent with Local Rule
19 230(l) the district court grant Defendants' Motion and dismiss Defendants Cates and Baniga from
20 this case.

21     **C. Merits of the Motion**

22     In the alternative, the undersigned finds the Defendants' Motion should be granted on the
23 merits.  As noted *supra*, Plaintiff's Complaint articulated only a claim against Defendant Warden
24 Cates in his official capacity as it relates to Plaintiff's request for injunctive relief concerning
25 CDCR's orthotics policy.  (Doc. Nos. 10, 11).  Notably, the Eleventh Amendment bars Plaintiff
26 from seeking monetary damages from Defendant Cates in his official capacity.  U.S.Const.,
27 Amend. XI; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Therefore, the Complaint states
28 only a request for injunctive relief against Warden Cates.

"Federal Courts are limited to live cases and controversies." *Kittle v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968)); *see also Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants.")  "Prisoners who have been released from prison or transferred to a different prison may not sue for injunctive relief because they no longer benefit from having the injunction issued." *Rupe v. Cate*, 688 F.Supp. 2d 1035, 1043 (E.D. Cal. Feb. 1, 2010) (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995)) (other citations omitted).  A prisoner's claim for injunctive relief is moot if there is no reasonable expectation the prisoner will be transferred back to the prison where the harm occurred. *Dilley*, 64 F.3d at 1369.  It is not a reasonable expectation that a released prisoner will commit a criminal act and be re-incarcerated. *Reimers v. Oregon*, 863 F.2d 630, 632 n. 4 (9th Cir. 1988).

On February 4, 2022, Plaintiff filed a notice of change of address indicating he was released from prison.  (Doc. No. 12).  There is no reasonable expectation that Plaintiff will commit a criminal act and be re-incarcerated.  Because Plaintiff is no longer incarcerated at CCI and there is no reason to expect he will be reincarcerated within CDCR, yet alone in CCI, Plaintiff's request for injunctive relief directing Warden Cates to provide him with orthotic boots and insoles in contravention to CDCR's alleged policy is moot.  Accordingly, the undersigned recommends the district court dismiss Plaintiff's request for injunctive relief and the official capacity claim against Defendant Cates and dismiss Defendant Cates from this action.

**D.  Defendant Baniga**

Unlike Plaintiff's allegations against Drs. Owolabi and Montegrande who both reviewed Plaintiff's medical file and examined Plaintiff, the Complaint contains a sole allegation against Defendant Baniga: "On August 22, 2019, Defendant Baniga denied the appeal." (Doc. No. 1 at 9, ¶9).  The mere fact that a prison official signs an appeal does not mean the defendant sufficiently knew about the prisoner's complaints to be held liable under § 1983. *Peralta v. Dillard*, 744 F.3d 1076, 1086-87 (9th Cir. 2014).  "An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983." *Evans v. Skolnik*, 637 Fed. Appx. 285, 288 (9th Cir. 2015) (unpublished opinion).

Inmates lack a constitutional right to a specific grievance procedure and there are no constitutional requirements regarding how a grievance system is operated, even if plaintiff believes the process to be unfair or not accurate. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under § 1983, a plaintiff must show that a defendant caused an alleged deprivation of a right secured by federal law either (1) by the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient casual connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017); *King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

Unlike, *Colwell v. Bannister*, 763 F.3d 1060 (9th Cir. 2014), there are no allegations that Defendant Baniga denied the appeal of Plaintiff's medical grievance solely on an administrative policy in contravention to a specialist's recommendation to the contrary. There are no facts alleging that Baniga was personally involved in Plaintiff's medical care or treatment, or that Baniga knew of a substantial risk of harm to Plaintiff. The mere fact that Baniga signed Plaintiff's health care appeal is not enough to state a claim. *See Peralta*, 744 F.3d at 1086-87. Baniga's signature on the denial of the appeal does not establish that he knew of Plaintiff's medical complaints sufficient to be held liable. *See id*. at 1086 (holding that chief medical officer's signature on a second-level appeal did not establish that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exits . . .") (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Because Baniga's denial of Plaintiff's health care appeal, alone, does not state a medical deliberate indifference claim, the undersigned recommends the district court grant Defendant Motion as Defendant Baniga and dismiss him from this action.

**FINDINGS AND RECOMMENDATIONS**

Based on the foregoing, the undersigned recommends the district court grant Defendants' Motion and dismiss Defendants Warden Cates and Dr. Baniga from this action. The undersigned further recommends that Defendants Cates and Baniga be dismissed from this action without granting Plaintiff leave to amend. Regarding Defendant Cates, Plaintiff is no longer incarcerated, so leave to amend would be futile because his claim for injunctive relief is moot. The

undersigned also recommends the district court deny Plaintiff leave to amend against Defendant Baniga.  Plaintiff failed to timely file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure in response to Defendants' Motion to the extent he could have cured the deficiencies as identified in the Motion.  *See* Fed. R. Civ. P. 15(a)(1)(B).  Furthermore, despite the Court affording Plaintiff an extension of time to respond to the Motion, Plaintiff still failed to file any opposition.  The Court advised Plaintiff at the outset of this case that he must comply with the Federal Rules of Civil Procedure.  (See Doc. No. 3 at 1).  His pro se status does not entitle him to more favorable treatment.  *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").  Nor is it the Court's role to advise Plaintiff of the Federal Rules of Civil Procedure and how a failure to comply with the rules will impact his case.  *Id*. at 1364-67 (holding that the district court did not have to inform the pro se plaintiff to file affidavits before granting summary judgment against him).  Instead, Plaintiff "must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citing United States v. Merrill, 746 F.2d 458, 465 (9th Cir. 1984)), *overruled in part on other grounds by*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).   Thus, Plaintiff had an ample opportunity to remedy the deficiencies in his Complaint against Defendant Baniga, but he failed to take any action.

Accordingly, it is **RECOMMENDED**:

1. The district court GRANT Defendants' Motion to Dismiss (Doc. No. 23) and dismiss Defendants Cates and Baniga from this case without further leave to amend and order Defendants Drs. Montegrande and Owolabi to Answer the Complaint in fourteen (14) days.  Fed. R. Civ. P. 12(a)(4)(B).

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

7

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: August 30, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE