UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MILLER, | Case No. 1:20-cv-01243-KES-HBK (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION |
| v. | |
| RALPH DIAZ, et al., | (Doc. No. 39) |
| Defendants. | ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY DEADLINES TO THE EXTENT SET FORTH HEREIN |
| | (Doc. No. 40) |

Pending before the Court are Defendants' Motion to Compel Plaintiff's Deposition and Motion to Modify Discovery Deadline and Vacate Remaining Case Management Deadlines filed on November 22, 2024. (Doc. Nos. 39, 40). Plaintiff did not file an opposition or statement of no opposition to either motion and the time to do so has expired. *See* Local Rule 230(l). The Court deems Plaintiff's non-response as a waiver of his opposition to both motions. *Id*.

Plaintiff, a former prisoner, proceeds pro se in this civil rights action on his complaint alleging an Eighth Amendment medical deliberate indifference claim in connection with the denial of custom orthotic boots and insoles against Defendants Drs. Montegrande and Owolabi. (Doc. Nos. 30, 31). On November 8, 2023, Defendants filed an answer to the operative complaint. (Doc. No. 32). On January 16, 2024, the Court entered a Case Management and

1  Scheduling Order ("CMSO").  (Doc. No. 34).  Consistent with discovery deadlines in the CMSO,
2  as amended, Defendants noticed Plaintiff's' deposition for November 13, 2024 at Defendants'
3  counsel's office in Los Angeles.  (Doc. No. 39 at 6, ¶ 4, Exhibit B).  In the CMSO, the Court
4  advised "[t]he failure of Plaintiff to attend, be sworn, or answer appropriate questions at his
5  properly noticed deposition may result in sanctions, including terminating the action as provided
6  in Fed. R. Civ. P. 37."  (Doc. No. 34 at 3:9-11).  Plaintiff failed to appear for his deposition.
7  (Doc. No. 39 at 7, ¶5, Exhibit E).  Defendants seeks an order compelling Plaintiff's attendance for
8  his deposition.

9  Defendants are entitled to conduct discovery, which includes the taking of Plaintiff's
10 deposition to obtain all information pertaining to the factual allegations, and legal claims and
11 defenses at issue in this action.  Fed. R. Civ. P. 26(b)(1), Fed. R. Civ. P. 30.  The Rules provide
12 that (unless incarcerated) leave of court is not required but that "reasonable written notice" must
13 be given which states the time and place of the deposition and the deponent's name and address.
14 Fed. R. Civ. P. 30(b).  *See also*, *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir.
15 2018) ("The only requirement is that the party be served with proper notice of the deposition
16 beforehand.") (internal quotations and citations omitted); *see also Jules Jordan Video, Inc. v.*
17 *144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) (observing that "a simple notice of
18 deposition is sufficient to compel [a party's] attendance").  "An objection at the time of the
19 examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the
20 manner of taking the deposition, or to any other aspect of the deposition, – must be noted on the
21 record, but the examination still proceeds."  Fed. R. Civ. P. 30(c)(2).

22 Under Rule 37(a), a party seeking discovery may move for an order to compel discovery
23 when an opposing party has failed to respond.  Fed. R. Civ. P. 37(a).  Here, Defendants properly
24 noticed Plaintiff's deposition, who is no longer incarcerated, and designated the place and time
25 for the deposition, serving the notice on Plaintiff's address of record, but he failed to attend.  "A
26 party may unilaterally choose the place for deposing an opposing party, subject to the granting of
27 a protective order by the Court pursuant to [Federal Rule of Civil procedure 26(c)(2)], designating
28 a different place."  Ca*dent Ltd. v. 3M Unitek Corp*., 232 F.R.D. 625, 628 (C.D. Cal. 2005).  A

party's failure to appear at that party's deposition is not excused, "unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *Paige v. Consumer Programs*, Inc., 248 F.R.D. 272, 275 (C.D. Cal. 2008) (citing Fed. R. Civ. P. 37(d)(2)).  Here, Plaintiff provides no explanation to the Court as to why he failed to attend the deposition.  Plaintiff has not moved for a protective order and as a party to this action he has no basis for refusing to be deposed.  Indeed, Defendants' inability to take Plaintiff's deposition deprives them of information necessary to defend against this action.  The Court will grant the motion to compel Plaintiff's attendance at his re-noticed deposition.

        Plaintiff is duly advised that if he fails to appear for his deposition after being served with proper notice the Court may order sanctions.  Fed. R. Civ. P. 37(d)(1)(A)(i).  The failure to appear for a deposition is not excused and will expose Plaintiff to sanctions, even if Plaintiff believes the discovery sought is objectionable unless he has moved for a protective order under Rule 26(c).  Fed. R. Civ. P. 37(d)(2).  Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(vi).  Fed. R. Civ. P. 37(d)(3).

        Specifically, under Rule 37(d), the following sanctions are permitted for a party's failure to appear for a properly noticed deposition:

        (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

        (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

        (iii) striking pleadings in whole or in part;

        (iv) staying further proceedings until the order is obeyed;

        (v) dismissing the action or proceeding in whole or in part;

        (vi) rendering a default judgment against the disobedient party...

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).  These sanctions also apply when a party fails to obey a discovery order. Fed. R. Civ. P. 37(b).

        Defendants further request that the deadline to complete discovery be modified to permit Defendants time to re-notice and take Plaintiff's deposition and that the remaining deadlines in

the CMSO be vacated until Plaintiff submits to a deposition and discovery is completed.  Notably, on September 11, 2024, the Court amended the non-expert discovery cut-off to December 16, 2024, the deadline to file a report regarding settlement to January 10, 2025, and the dispositive motions deadline to March 17, 2025.  (Doc. No. 38).  Due to Plaintiff's failure to appear at his November 13, 2024 deposition, Defendants request a further 60-day extension to the discovery deadline to re-notice Plaintiff's deposition and for the Court to vacate the remaining CMSO deadlines.  The Court finds good cause to further extend the non-expert discovery deadline and the remaining CMSO deadlines. Fed. R. Civ. P. 16(b)(4).

Accordingly, it is **ORDERED:**

1. Defendants' Motion to Compel Plaintiff's Deposition (Doc. No. 39) is GRANTED.

2. Plaintiff shall comply with the deposition notice.

3. *If Plaintiff fails to comply with the deposition notice, Defendants may file a motion for an order imposing appropriate sanctions.  Plaintiff is forewarned that such sanctions may include dismissal of his complaint.*

4. Defendants' Motion to Modify the Discovery Deadline and Vacate Remaining Case Management Deadlines (Doc. No. 40) is GRANTED to the extent set forth below:

    a. The non-expert discovery deadline is extended to February 18, 2025.

    b. The deadline to file a settlement report is extended to March 3, 2025.

    c. The deadline to file dispositive motions is extended to April 21, 2025.

Dated:   December 16, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4